# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEBORAH A. GREEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. CIV-11-245-SPS |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)

The Plaintiff appealed the decision of the Commissioner of the Social Security Administration denying her request for benefits. The Court reversed the Commissioner's decision and remanded the case for further proceedings. On remand, the Administrative Law Judge ("ALJ") found that the Plaintiff was disabled and awarded her $35,916.90 in past-due benefits. The Plaintiff's attorneys now seek an award of fees pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the Court finds that the Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Docket No. 25] should be granted and that Plaintiff's attorneys should be awarded $7,300.00 in attorneys' fees.

When "a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. 406(b)(1)(a). The 25% does not include any fee awarded

by the Commissioner for representation in administrative proceedings pursuant to 42 U.S.C. § 406(a). *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner."). The amount requested in this case is $7,300.00, roughly 20% of the Plaintiff's past-due benefits, in accordance with the applicable attorney fee agreement, and the motion was timely filed within thirty days of the notice of award. *See Harbert v. Astrue*, 2010 WL 3238958 at *1 n. 4 (E.D. Okla. Aug. 16, 2010) (slip op.) ("The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel."). *See also McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee requests. . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award."); Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]"). The Court therefore need only determine if this amount is reasonable for the work performed in this case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

Factors to consider include: (i) the character of the representation and results achieved; (ii) whether any dilatory conduct might allow attorneys to "profit from the accumulation of benefits during the pendency of the case in court[;]" and, (iii) whether "the benefits are [so] large in comparison to the amount of time counsel spent on the case" that a windfall results. *Id.* at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) (reducing fees for substandard work); *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (same); *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or fee is unconscionable in light of the work performed); *Wells v. Sullivan,* 907 F. 2d 367, 372 (2nd Cir. 1990) (court should consider "whether the requested amount is so large as to be a windfall to the attorney"). Contemporaneous billing records may be considered in determining reasonableness. *Id.* at 808 ("[T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases."), *citing Rodriguez*, 865 F.2d at 741.

Based on the factors enunciated in *Gisbrecht*, the Court concludes that $7,300.00 in attorneys' fees is reasonable for the work done in this case. First, the attorneys ably represented the Plaintiff in her appeal to this Court and obtained excellent results on her behalf, *i. e.*, a reversal of the Commissioner's decision denying benefits and remand for further consideration. The Plaintiff's success on appeal enabled her not only to prevail in her quest for social security benefits, but also to obtain $4,329.50 in attorneys' fees as the

prevailing party on appeal under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), which will essentially reduce any amount awarded from her past-due benefits pursuant to Section 406(b). Second, there is no evidence that the Plaintiff's attorney caused any unnecessary delay in these proceedings. Third, the requested fee does not result in any windfall to the Plaintiff's attorneys, who spent a total of 23.8 hours on her appeal. *See* Docket No. 25, Ex. 1. This would equate to a rate of $307.00 per hour at most, which is hardly excessive given that the fee was contingent and the risk of loss was not negligible. The Court therefore concludes that the requested fee of $7,300.00 is reasonable within the guidelines set by *Gisbrecht*.

The notice of award reflects that the Commissioner withheld $8,979.23 from the Plaintiff's past-due benefits for payment of attorneys' fees, but it would appear that most of those funds went to pay the Plaintiff's representative at the agency level. Thus, the Commissioner will apparently not have sufficient funds on hand to satisfy the $7,300.00 awarded herein, and the Plaintiff's attorneys will have to satisfy the award from the Plaintiff herself, not from her past-due benefits. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Furthermore, because the $7,300.00 awarded herein pursuant to Section 406(b)(1) exceeds the $4,329.50 previously awarded to the Plaintiff under the EAJA, the Plaintiff's attorneys must refund the latter amount to the Plaintiff. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986).

Accordingly, Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Docket No. 25] is hereby GRANTED. The Court approves an award of attorney's fees in the amount of $7,300 to the Plaintiff's attorneys pursuant to 42 U.S.C. § 406(b)(1), and directs the Commissioner to pay to the Plaintiff's attorneys the balance of any past-due benefits in his possession up to said amount. The Plaintiff's attorney shall thereupon refund to the Plaintiff the full amount previously awarded under the EAJA.

**IT IS SO ORDERED** this 14th day of July, 2014.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma